■ Patrick J. Flavin et al., Plaintiffs, v Salvatore Parisi, Defendant. (Action No. 1.) Patrick J. Flavin et al., Appellants, v Salvatore Parisi, Defendant, and Francis P. Sweeney et al., Respondents. (Action No. 2.) [977 NYS2d 402]—In two related actions to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated August

28, 2012, as granted that branch of the motion of Francis P. Sweeney, a defendant in action No. 2, which was for summary judgment dismissing the complaint insofar as asserted against him and, upon searching the record, directed the dismissal of the complaint in action No. 2 insofar as asserted against the defendant Salvatore Leone.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the defendant Francis P. Sweeney which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against him. Sweeney met his prima facie burden of establishing that the ownership of a hunting cabin as tenants in common by Sweeney and the defendants Salvatore Parisi and Salvatore Leone did not constitute a partnership as defined by the New York Partnership Law because the ownership of the cabin was for recreational use only and was not a business for profit (see Partnership Law §§ 10 [1]; 11 [2]). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether a partnership existed.

The plaintiffs' remaining contentions are either without merit or improperly raised for the first time on appeal.

In light of the foregoing, the Supreme Court also properly searched the record and awarded summary judgment to Leone (see CPLR 3212 [b]). Skelos, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.